# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD A. ANDRADE,              | 1:12-CV-00579 AWI BAM HC |
|     Petitioner, | |
|     v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| P. BRAZELTON, Warden,         | [Doc. #11] |
|     Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, P. Brazelton[1], is represented in this action by the Office of the Attorney General of the State of California.

## BACKGROUND

    Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Mariposa, following his conviction by plea of no contest on April 13, 2006, to one count of felony failure to appear. See Lodged Doc. No. 1.[2] Id. Petitioner further admitted to two strike allegations. Id. Petitioner was sentenced to serve an indeterminate term of 25 years to life in state prison. Id. Petitioner appealed the conviction. On May 21, 2007, the judgment was affirmed. Id. Petitioner then filed a petition for review in the

---

[1] The name of Respondent has been corrected to reflect the proper spelling.

[2] "Lodged Doc." refers to the documents lodged by Respondent in support of the motion to dismiss.

California Supreme Court.  See Lodged Doc. No. 2.  On August 8, 2007, the petition was denied. See Lodged Doc. No. 3.

Petitioner filed three post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. Mariposa County Superior Court
Filed: October 18, 2011[3];
Denied: October 26, 2011;

2. California Court of Appeals, Fifth Appellate District
Filed: November 7, 2011;
Denied: November 28, 2011;

3. California Supreme Court
Filed: December 1, 2011;
Denied: March 28, 2012.

See Lodged Docs. Nos. 3-8.

On April 11, 2012, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On July 3, 2012, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).  On July 23, 2012, Petitioner filed an opposition to Respondent's motion to dismiss.  Respondent did not file a reply.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies, violating the state's procedural rules, or violating the statute of limitations. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

---

[3] Pursuant to the mailbox rule, the Court deems the various petitions filed on the date they were signed and presumably handed to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

motion to dismiss for state procedural default); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001) (dismissal was appropriate in light of violation of the statute of limitations).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal.1982).

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period and a failure to state a cognizable claim for relief.  Because Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on April 11, 2012, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

> other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on August 8, 2007. Thus, direct review concluded on November 6, 2007, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). Petitioner had one year until November 6, 2008, absent applicable tolling, to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until April 11, 2012, over three years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations ran from November 7, 2007, through November 6, 2008. Petitioner did not file any state habeas petitions within the limitations period. He did file

several state habeas petitions but they were filed after the limitations period had already expired. They could not operate to revive the limitations period.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).  Accordingly, Petitioner is not entitled to statutory tolling and the federal petition remains untimely.  28 U.S.C. § 2244(d).

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997).  Petitioner bears the burden of alleging facts that would give rise to tolling.  Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).  Here, the Court finds no reason to equitably toll the limitations period.

E.  Failure to State a Cognizable Claim

Respondent also alleges that Petitioner has failed to state a cognizable claim for relief.  Petitioner presents a single claim that the use of his 1982 and 1989 prior convictions to enhance his current sentence violated the plea agreements in those prior cases.  Respondent contends such a challenge may not be raised in this petition which attacks the current 2006 conviction.  Respondent's argument is persuasive.

In Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 402 (2001), the Supreme Court held the following:

> [H]ere is the question we explicitly left unanswered in Maleng: "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." 490 U.S., at 494, 109 S.Ct. 1923. We encountered this same question in the § 2255 context in Daniels v. United States, *post*, at 374, 121 S.Ct. 1578. We held there that "[i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through a motion under § 2255." *Post*, at 382, 121 S.Ct. 1578. We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.

Thus, the Supreme Court held that "once a state conviction is no longer open to direct or

1 collateral attack in its own right because the defendant failed to pursue those remedies while they
2 were available (or because the defendant did so unsuccessfully), the conviction may be regarded as
3 conclusively valid." Id. at 403, *citing* Daniels v. United States, 532 U.S. 374, 382 (2001). "If that
4 conviction is later used to enhance a criminal sentence, the defendant generally may not challenge
5 the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was
6 unconstitutionally obtained." Id. at 404. Here, since the 1982 and 1989 prior convictions are no
7 longer open to direct or collateral attack, they are conclusively valid, and Petitioner may not
8 challenge the enhanced sentence. Therefore, Respondent correctly argues that Petitioner's claim is
9 foreclosed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for failure to state a claim.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B). Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after date of service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 8, 2012**           /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE